**UNITED STATES of America,**
**Plaintiff,**

**v.**

**NATIONAL SCREEN SERVICE CORPORATION; Paramount Pictures Corporation; Warner Bros. Pictures, Inc.; Warner Bros. Pictures Distributing Corporation; Twentieth Century-Fox Film Corporation; RKO Radio Pictures, Inc.; United Artists Corporation; Columbia Pictures Corporation; and Universal Pictures Company, Inc., Defendants.**

United States District Court
S. D. New York.
Jan. 2, 1957.

———◆———

Walter W. K. Bennett, E. Winslow Turner, Elliott H. Feldman, New York City, for plaintiff, Richard B. O'Donnell, New York City, of counsel.

Phillips, Nizer, Benjamin & Krim, New York City, Attorneys for defendant Nat. Screen Service Corp.

Louis Phillips, New York City, for defendant Paramount Pictures Corp.

R. W. Perkins, New York City, for defendants Warner Bros. Pictures, Inc. and Warner Bros. Distributing Corp.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendant Twentieth Century-Fox Film Corp.

J. Miller Walker, New York City, for defendant RKO Radio Pictures, Inc.

O'Brien, Driscoll & Raftery, New York City, for defendant United Artists Corp.

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp.

Adolph Schimel, New York City, for defendant Universal Pictures Co., Inc.

SUGARMAN, District Judge.

The plaintiff, United States of America, moves "for an order, pursuant to 15 U.S.C. § 5, that the ends of justice require that plaintiff be granted leave to:

(1) join Warner Bros. Pictures, Inc., and Twentieth Century-Fox Film Corporation as additional parties defendant herein; and

(2) cause them to be summoned and served with a supplemental complaint in the form hereto annexed."

In opposition to granting the relief sought, the proposed new parties are heard to argue,[1] in substance: (1) they are not guilty of the charges leveled against them in the proposed supplemental pleading, (2) plaintiff has failed to establish any need to join the proposed new parties, since a decree against present parties will effectively bind their successors "New Warner" and "New Fox" and (3) the application of the plaintiff is made on the very eve of trial.

■ The short answer to (1) supra is that only a trial can resolve the issue.

■ As to (2) supra, the argument ignores the allegations of the proposed supplemental complaint, wherein it is alleged that "New Warner" and "New Fox" *have* participated in unlawful activities, independently of any vicarious liability for the conduct of their respective predecessor corporations.

Plaintiff does not seek a substitution of parties under Federal Rule of Civil Procedure 25(c), 28 U.S.C.A.; it seeks to add new parties who must answer for their own deeds. Authority for the motion is found in Federal Rule of Civil Procedure 21[2] and Federal Rule of Civil Procedure 15(d). Exercise of the extraterritorial jurisdiction of the court, conferred by 15 U.S.C.A. § 5, is unnecessary since both "New Warner" and "New Fox" have principal offices and

1. 3 Moore's Fed.Prac., 2d Ed., para. 21.05, p. 2909.

2. 3 Moore's Fed.Prac., 2d Ed., para. 21.04, p. 2906.

places of business in New York City, according to the proposed supplemental complaint.

As to (3) supra, no trial date as been fixed in the instant action. No prejudice is shown to result to any person, including the proposed new parties, by reason of any undue delay on the plaintiff's part. This objection, too, is without merit.

Oral argument appearing to be unnecessary, the motion of the plaintiff is granted. Settle an appropriate order on notice.