**Morris J. LIPP, trading as Midwest Poster Exchange**

v.

**NATIONAL SCREEN SERVICE CORPORATION et al.**

**Civ. A. No. 11136.**

United States District Court
E. D. Pennsylvania.
Sept. 22, 1960.

Francis T. Anderson, Philadelphia, Pa., for plaintiff.

Louis Nizer, Walter S. Beck, New York City, Louis J. Goffman, W. Bradley Ward, Edward W. Mullinix, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

This action is one of seven closely related actions all of which are before us on defendants' motions for summary judgment, inter alia. Since, in our view, defendants are entitled to judgment, other questions argued become moot.

All seven actions are private antitrust suits which are factually identified with Lawlor v. National Screen Service Corp. et al., Civil Action No. 10,020 ("Lawlor"). D.C., 99 F.Supp. 180. *Six* of the cases [1] were commenced in 1950, soon after the original Lawlor action. In each of the six, action was brought against the same defendants as in Lawlor and, in each, respective counsel were the same as in Lawlor.

At pre-trial conferences held in October and November 1957, prior to the trial of the Lawlor case, we noted the pendency of the six companion cases, and suggested that the parties endeavor to reach some agreement which would obviate the necessity to retry in any of the companion cases certain of the issues to be litigated in the Lawlor case. After extensive discussion of the matter, the parties came to an agreement which we dictated on the record in their presence at the pre-trial conference of November 4, 1957. The pertinent part of that agreement reads:

> "In the remaining six cases if, by final judgment in whatever shall have been the court of last resort, it is determined in Civil Action No. 10,020 that no conspiracy or unlawful monopoly existed, that finding shall be determinative of that issue in the remaining six cases. On the contrary, if such final determination therein shall be that the unlawful conspiracy or monopoly did exist, then the remaining six cases shall be consolidated for trial and tried without a jury."

At the pre-trial conference, counsel for the defendants called our attention to Civil Action No. 22,707, the *seventh* case now before us. That action was commenced in 1957, and differs from the other six cases only in one respect. In No. 22,707, the plaintiffs in the other six cases, together with the plaintiffs in the Lawlor case, acting through their same counsel, filed a single complaint containing seven separate counts, one for each

1. Nos. 11,136 (the instant case), 11,137, 11,138, 11,376, 11,597 and 11,678.

of the plaintiffs in the original seven cases. Each count claims damages for a designated plaintiff for the period subsequent to the commencement of the original case brought by that plaintiff.

It was agreed, after some discussion that no express stipulation respecting No. 22,707 was necessary. The following colloquy occurred:

"Mr. Anderson: * * * as a practical matter, that suit being merely supplemental to this suit, as Mr. Mullinix says, and Mr. Ward, it simply carries on, it simply brings the other case down to date. And, certainly, if, as we have assumed, for instance, that the Court finds that there is no liability here, no violation of the Sherman Act, this second suit will certainly be dead when its parent dies.

\* \* \* \* \* \*

"Mr. Nizer: * * * I agree with Mr. Ward and Mr. Anderson that when Your Honor has disposed of this matter this will fall into place in some way for quick disposition."

The Lawlor case was tried in November and December 1957, and January 1958, and resulted in judgment for the defendants. The conclusions of law, following 140 findings of fact and forming the basis for that determination, included the following:

"3. The defendant, National Screen, did not monopolize or attempt to monopolize within the meaning of Section 2 of the Sherman Act [15 U.S.C.A. § 2].

"4. No defendant herein combined or conspired with any other defendant or defendants within the meaning of Section 1 of the Sherman Act [15 U.S.C.A. § 1]."

On plaintiffs' appeal, the judgment was affirmed without dissent, 3 Cir., 1959, 270 F.2d 146. The Supreme Court denied plaintiffs' petition for certiorari, 1960, 362 U.S. 922, 80 S.Ct. 676, 4 L.Ed. 2d 742, and the time for a request for rehearing thereon expired April 15, 1960.

On April 29, 1960, defendants filed motions for summary judgments in the six companion cases. The motions were based on the judgments in favor of the defendants as to the monopoly and conspiracy issues in the Lawlor case, and on the stipulated binding effect of that determination in the six companion cases.

On May 18, 1960, defendants moved for summary judgment in No. 22,707, on the ground that the final judgment in the Lawlor case, made binding on the plaintiffs in the six companion cases by the pre-trial stipulation, was dispositive of those same plaintiffs' claims in No. 22,707.

Since the issues of liability were determined adversely to the plaintiffs in Lawlor, the clear and unequivocal terms of the pre-trial agreement require judgments for the defendants in the six companion cases, which were expressly made the subject of the agreement. Plaintiffs' contentions to the contrary are wholly devoid of merit.

Plaintiffs assert that they have not "had their day in court." They urge the fact that at the Lawlor trial, on objection, we excluded certain evidence inadmissible in the Lawlor trial which might have been admissible in the trial of one of the six companion cases. Our ruling was clearly correct for the reason, as we then stated, that "the stipulation did not embrace any agreement that evidence which was admissible in one case not on trial should be admissible in the case now on trial though otherwise inadmissible therein."

Plaintiffs further contend that the judgment of dismissal in Lawlor "was based, in large part, on dozens of the court's findings of fact peculiar to the plaintiffs in that case, and, therefore, totally inapplicable to any of the cases involved in these proceedings." Even if such be the fact, it affords no sufficient reason to nullify a stipulation clear and unequivocal in its terms, free of any limitation or qualification and entered into only after the most thoughtful and prolonged consideration and discussion

among counsel. The actions had then been pending for some seven years and Lawlor had already had, before trial, a noteworthy appellate history. Presumably, all of the mature, experienced and able counsel were quite aware of the existing factual circumstances in each of the cases and none would have hesitated to insist upon appropriate reservations, conditions or qualifications to the stipulation, had a substantial difference in facts in any case so required.

Once judgments have been entered in the six companion cases, it follows that defendants are entitled to judgment in No. 22,707, since, as plaintiffs' counsel expressed it, "this second suit will certainly be dead when its parent dies."

### Order

Now, September 22, 1960, it is ordered and decreed that defendants' motion for summary judgment be, and it is, granted, and judgment is entered for defendants.