NATIONAL SCREEN SERVICE CORPO-
RATION, Appellant,

v.

EXHIBITORS POSTER EXCHANGE,
INC., Appellee.

No. 21320.

United States Court of Appeals
Fifth Circuit.

June 30, 1965.

Albert F. Smith, New York City, Gibbons Burke, New Orleans, La., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for appellant.

C. Ellis Henican, Jr., Henican, James & Cleveland, New Orleans, La., for appellee.

Before RIVES and WISDOM, Circuit Judges.*

PER CURIAM.

This private, treble-damage, antitrust suit instituted May 24, 1961 involves the business of distributing to motion picture theatres advertising posters and still photographs for display in theatre lobbies and on billboards.[1]

---

* District Judge LEWIS R. MORGAN, the other Judge on the Court, recused himself.

1. The defendant, appellant had consented to a decree entered on March 29, 1957, in a Government antitrust action in the United States District Court for the Southern District of New York, United States v. National Screen Service Corporation, et al., 20 F.R.D. 226. Since the institution of the present suit, a companion private antitrust action has been the subject of several opinions in this Circuit—Poster Exchange, Inc. v. National Screen Service Corporation, N.D. Ga.1961, 198 F.Supp. 557, aff'd, 5 Cir. 1962, 305 F.2d 647, subsequent judgment affirmed Jan. 22, 1965. The Poster Exchange, Inc. v. Paramount Film Distributing Corporation, et al., 5 Cir., 340 F.2d 320. There has also been extensive private antitrust litigation in other circuits. Bob Smith d/b/a Theatre Poster Service v. Paramount Film Distributing Corp., National Screen Service Corp., et al., U.S.Dist.Ct., W.D.Okl., Rizley, J., temporary injunction denied May 22, 1961; Lawlor v. National Screen et al., 3 Cir., 270 F.2d 146, cert. den. 362 U.S. 922, 80 S.Ct. 676, 4 L.Ed.2d 742; Lipp

On June 16, 1961, the district court issued a preliminary injunction enjoining the defendant "from directly or indirectly refusing to deal with the plaintiff, Exhibitors Poster Exchange, Inc., upon the same terms and conditions which prevailed prior to February 15, 1961."

Some two years later, on June 25, 1963, the defendant moved for a temporary injunction against the plaintiff to restrain the plaintiff from failing to comply with the limitation of the injunction against the defendant, namely: *"upon the same terms and conditions which prevailed prior to February 15, 1961."* After a full hearing, the court on September 14, 1963, denied the motion of the defendant for a temporary injunction. The present appeal is prosecuted from that judgment.

The narrow issue presented to the district court was whether the plaintiff had abused the rights it enjoyed under the preliminary injunction issued in its favor against the defendant. By subsequent affidavits filed in this Court, the defendant appellant has brought forward the dollar amounts of the plaintiff's orders from the defendant through September 1964.

After a careful review of the record, we conclude that the district court did not abuse its discretion in denying the motion of the defendant for a temporary injunction. This holding, however, is without prejudice to the right of the defendant to move either for a prompt final hearing or for such interlocutory relief as may presently appear appropriate. The preliminary injunction against the defendant having now been in effect for four years, the case should be finally disposed of. It is no fault of the district court that that has not been done earlier, for that court faces a case load which would tax the capacity of twice the number of judges presently provided. If the case cannot now pro-

ceed to final decree, then the enforcement of the preliminary injunction against the defendant should be strictly limited to its precise scope, that is, to the terms and conditions which prevailed prior to February 15, 1961. With this limitation or caveat, the judgment is

Affirmed.

---

v. National Screen, et al., E.D.Pa., 188 F.Supp. 245, aff'd (3 Cir.) 290 F.2d 321, cert. den. 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36; Vogelstein v. National Screen, et al., E.D.Pa., 204 F.Supp. 591, aff'd (3 Cir.) 310 F.2d 738, cert. den. 374 U.S. 840, 83 S.Ct. 1894, 10 L.Ed.2d 1061.