Carol GRAM, a minor, by Carl W. Gram, Jr., and Anne W. Gram, her parents and natural guardians, and Carl W. Gram and Anne W. Gram, in their own right

v.

Louis S. MAY, Executor of the Estate of Hazel Alma Gram, Deceased.

Civ. A. No. 38297.

United States District Court
E. D. Pennsylvania.
Aug. 29, 1966.

is co-executor of the defendant Estate. After the defendant filed his motion to dismiss, the plaintiffs filed a motion for leave to amend their complaint to add the co-executor as a party defendant.

In considering the defendant's motion under Rule 12 we must take cognizance as well of Rule 19, which deals with "joinder of persons needed for just adjudication." It is to be noted that both of these rules have been recently amended and that these amendments became effective on July 1, 1966.

The defendant correctly points out that, under Pennsylvania law, if several executors have been appointed to administer an estate they must be jointly sued. 13 Standard Pennsylvania Practice, Actions by and against Executors § 26. The rationale, underlying this rule, is that, since the power of co-executors to act is joint, they must be sued jointly, to preclude separate pleading and the entry of several judgments against them. 21 Am. Jur. Executors and Administrators § 978.

The defendant logically concludes that since Pennsylvania requires co-executors to be sued jointly, the missing co-executrix, Gloria Gram, is an indispensable party. He urges that her joinder, after the statute has run, would be "unlawful and improper."[1]

We do not agree with the defendant's conclusion. To the contrary, we believe it to be consonant with the salutary principle of according a liberal interpretation to the federal rules to allow the joinder of the co-executor, Gloria Gram.

Recognizing that an elaborate body of technical law has been developed by federal courts in attempts to define and apply the term "indispensable", the Advisory Committee on Federal Rules has deleted it from Rules 12 and 19.[2] Now,

Clark, Ladner, Fortenbaugh & Young, Richard H. Elliott, Philadelphia, Pa., for plaintiffs.

White & Williams, John Francis Gough, Philadelphia, Pa., for defendant.

## OPINION

KRAFT, District Judge.

The defendant has moved to dismiss this personal injury action under Rule 12(b) (7), because of the plaintiffs' failure to join, before the running of the statue of limitations, an "indispensable party" defendant, Gloria Gram, who

---

1. See paragraph 8 of the defendant's reply to the plaintiff's motion for leave to amend.

2. Except in subdivision (h) (2) of Rule 12 and in section (b) of Rule 19 where indispensable is used only in a conclusory sense. Also see the Advisory Committee's Note on the Amended Rule. "Defects in the Original Rule."

   "3. The use of "indispensable" and "joint interest" in the context of orig-

Rule 12 simply reads that the defense of failure to join "*a party* under Rule 19" shall be asserted in a responsive pleading or by motion before or after the trial on the merits. See Rule 12 subdivisions (b) (7) and (h) (2), as amended.

Upon reference to Rule 19, we find that section (a) states in part:

"(a) Persons to be joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) *in his absence complete relief cannot be accorded among those already parties.*" (emphasis ours)

■ Unquestionably, in this setting, a co-executor is a party whose absence will preclude complete relief from being accorded to the parties already before the court. Practical, rather than rigid legalistic considerations, should be applied in determining the joinder of parties. (See footnote 2, ante.)

In plaintiffs' motion for leave to amend, counsel, with commendable candor, admits his "unawareness" of the existence of the co-executor when he filed the complaint. The defendant pointedly stresses the fact, that the motion significantly omits any averment that the *plaintiffs,* themselves, were unaware of the existence of joint fiduciaries. Assuming that they knew there were co-executors, that knowledge did not necessarily beget the further knowledge that it was necessary to join both executors in their action against the estate.

As a practical matter, the *entity* sought to be brought before the Court and to respond in damages is the estate

and not the individual fiduciaries. Should we grant the defendant's motion to dismiss, the bar of the statute of limitations would forever foreclose the plaintiffs from a just and fair determination of their claim. That the limitation period has expired does not preclude this Court from allowing the addition of the co-executor. No possible prejudice to the Estate or to the individual co-executor, who is being sued only in a representative capacity, can be envisioned. Only upon the assets of the estate do the plaintiffs seek to fasten their claim.

Neither bad faith, undue delay nor dilatory motive are alleged or present in this action. Pennsylvania has recognized the justice in permitting an additional fiduciary to be added after the bar of the statute. Holmes v. Pennsylvania R. Co., 220 Pa. 189, 193, 69 A. 597 (1908); 2 Standard Pennsylvania Practice, Parties § 104.

It is obvious that no new cause of action is sought to be introduced by the amendment. If the cause is unchanged, the fact of the bar of the limitations statute is immaterial, and the amendment is freely allowed. Talley v. Piersen, 33 F.R.D. 2 (E.D.Pa.1963); Frankel v. Styer, 209 F.Supp. 509 (E.D.Pa.1962); Denver v. Forbes, 26 F.R.D. 614 (E.D.Pa. 1960).

Accordingly, we enter the following

## ORDER

Now, this 29th day of August, 1966,

It is ordered that (1) the defendant's motion to dismiss be, and it is, denied. (2) The plaintiffs' motion for leave to amend their complaint to add thereto, as a defendant, Gloria Gram, co-executor of the Estate of Hazel Alma Gram be, and it is, granted.

inal Rule 19 directed attention to the technical or abstract character of the rights or obligations of the persons whose joinder was in question, and correspondingly distracted attention from the pragmatic considerations which should be controlling."