TRIANGLE CONDUIT AND CABLE CO., Inc., Plaintiff,

v.

WHEELING STEEL CORPORATION, Defendant.

Civ. No. 471-66.

United States District Court
D. New Jersey.
March 31, 1967.

Wilentz, Goldman & Spitzer, by Robert N. Wilentz, Perth Amboy, N. J., for plaintiff.

Pitney, Hardin & Kipp, by Donald B. Kipp, Newark, N. J., for defendant.

OPINION

SHAW, District Judge.

In this action plaintiff (Triangle) seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and alleges that it was a party with defendant (Wheeling) to a contract whereby Triangle agreed to pur-

chase all of its requirements of certain steel products from Wheeling for a period commencing January 1, 1964 and terminating December 31, 1972; that the contract is illegal and unenforceable by virtue of 15 U.S.C. §§ 1 and 14; and that "the parties therefore were and are under no obligation to and might not and may not lawfully continue to perform said contract or comply with its terms and conditions." The relief sought is a determination by this Court that the contract is illegal and unenforceable.

This litigation arises out of an action previously instituted by Wheeling against Triangle in the Circuit Court of Ohio County, West Virginia. In that action Wheeling, as plaintiff, brought suit against Triangle on the same contract alleging breach by reason of failure of Triangle to perform according to the agreement after November 5, 1965.

Triangle filed an answer to the complaint in the West Virginia suit admitting the existence of the contract and alleging that "it advised plaintiff that the contract no longer was in effect and had not been in effect since at least July 1, 1964." It asserted by way of an affirmative defense as it does by the allegations of its complaint in this Court that the contract was illegal and unenforceable by virtue of 15 U.S.C. §§ 1 and 14. Further affirmative defenses asserted in the answer filed by Triangle in the West Virginia action allege breach of the agreement by Wheeling for which damages were sought by the allegations of the counterclaim.

Wheeling moves to dismiss the complaint of Triangle or, in the alternate, for a stay of proceedings while the West Virginia action is pending. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 2201.

■ Considering the allegations of Triangle's complaint in this Court together with the pleadings in the West Virginia court, it seems clear that what Triangle seeks in this action is a determination of the validity of its anti-trust defense in the West Virginia action. Generally a federal court should not entertain a declaratory judgment action when the same issue is subject to adjudication in a prior pending state court action. The exercise of jurisdiction under the Federal Declaratory Judgment Act is discretionary, not compulsory. Brillhart v. Excess Insurance Co., 316 U.S. 491, 494–495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); Zemel v. Rusk, 381 U.S. 1, 19, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1964). The exception to this rule is that the action of the court may not constitute an abuse of its discretion. It should not abstain where under federal law it has a clear duty to act. In the instant case there appears to be no sound reason why this Court should intervene by way of declaratory judgment to establish the validity of a defense under anti-trust laws interposed in the West Virginia action. In Public Service Commission of Utah v. Wycoff, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952) the Supreme Court stated:

"Where a complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is a federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. *This is dubious even though the declaratory complaint sets forth a claim of federal right,* if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law. Tennessee v. Union and Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct.

410, 57 L.Ed. 716; Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218." (Emphasis supplied.)

Triangle argues, however, that since the federal court has exclusive jurisdiction over suits for treble damages (15 U.S.C. § 15, predicated upon violations of 15 U.S.C. §§ 14 and 1), it should decide the issue presented in this declaratory judgment action, to wit: whether there has been a violation of the anti-trust laws upon which an action for treble damages could be grounded. Triangle relies heavily upon Lyons v. Westinghouse Electric Corp., 222 F.2d 184 (2nd Cir. 1955), cert. denied 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737 (1955); Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9th Cir. 1963). These cases are distinguishable. In each the plaintiff brought an action alleging anti-trust violations and seeking treble damages. In the *Lyons* case the court stated, 222 F.2d at page 189:

"In the case at bar it appears to us that the grant to the district courts of exclusive jurisdiction over the action for treble damages should be taken to imply an immunity of their decisions from any prejudgment elsewhere; at least on occasions, like those at bar, where the putative estoppel includes the whole nexus of facts that makes up the wrong. The remedy provided is not solely civil; two thirds of the recovery is not remedial and inevitably presupposes a punitive purpose. It is like a qui tam action, except that the plaintiff keeps all the penalty, instead of sharing it with the sovereign. There are sound reasons for assuming that such recovery should not be subject to the determinations of state courts. It was part of the effort to prevent monopoly and restraints of commerce; and it was natural to wish it to be uniformly administered, being national in scope. Relief by certiorari would still exist, it is true; but that is a remedy burdensome to litigants and to the Supreme Court, already charged with enough. Obviously, an administration of the Acts, at once effective and uniform, would best

be accomplished by an untrammeled jurisdiction of the federal courts."

■ But plaintiff argues that it has left the question of its right to recover treble damages open and that it *might* seek such damages. It also urges that the relief sought by its present complaint is sufficiently broad to include a right to recover treble damages. It is true that a plaintiff should not be pilloried on a purely literal interpretation of the allegations of a complaint and that for the purpose of affording complete relief amendments should be freely allowed. Parenthetically it may be noted that an amendment to the instant complaint to convert the action into one for treble damages for violation of the anti-trust laws has not been sought. Nevertheless, the Court would be inclined to leave the door open to Triangle to amend its complaint for this purpose, except for the fact that such amendment would have to be coupled with allegations that Triangle was either coerced or fraudulently induced to enter the contract with Wheeling. There is no allegation in the present complaint of any coercion or fraudulent conduct on the part of Wheeling by reason of which Triangle became a party to the contract involuntarily. There too an amendment should be freely allowed if it were not apparent from the answer filed by Triangle in the West Virginia action and the proceedings therein that Triangle has not sought to void the contract on such grounds. Nor does Triangle suggest here that it would proffer any amendment to the allegations of its complaint alleging that it was an involuntary party to the contract. In fact, Triangle conceded in the West Virginia action that it performed under the contract from January 1, 1964 until on or about July 1, 1964.

■ The defense of *pari delicto* is a valid defense in an action where treble damages are sought for an alleged violation of anti-trust laws. Bales v. Kansas City Star, 336 F.2d 439 (8th Cir. 1964); Pennsylvania Water and Power Co. v. Consolidated Gas, 209 F.2d 131 (4th Cir. 1953); Crest Auto Supply, Inc.

v. E. R. O. Mfg. Co., 360 F.2d 896 (7th Cir. 1966). See also: Crawford v. Colby Broadcasting Corp., 259 F.Supp. 599 (N.D.Ill.1966). It cannot be inferred that a treble damage action by Triangle would survive this defense.

■ There is nothing in the allegations of the complaint for declaratory judgment filed here or in the record of the proceedings in the Circuit Court of West Virginia which would indicate anything other than free participation by Triangle in the making of the contract or in the performance until Triangle decided that the requirements contract was unenforceable and, further, that Wheeling had not performed in accordance with the terms of the contract. Under the circumstances there is no reason why this Court should determine the validity of one of Triangle's defenses in the West Virginia action.

As the matter now stands Triangle may never amend its complaint to allege an anti-trust action in which treble damages are sought, thereby foreclosing any preliminary factual determination of whether it has standing to prosecute such an action. And as heretofore indicated the Court has doubt on the record in this Court and that of the record of the West Virginia court which has been presented here whether Triangle could support an allegation of coercion or fraudulent inducement in the making of the contract which would preclude operation of the rule of *pari delicto*. The Court will allow Triangle, if it so desires, to move for leave of court to amend its complaint provided that application is made within 15 days of the entry of an order in conformity herewith. Otherwise the complaint will be dismissed at the expiration of such 15 day period without prejudice and without costs.

Nothing herein, however, will be construed as any expression of opinion by this Court as to the merit of Triangle's anti-trust defense in the West Virginia action.

An appropriate order in conformity herewith will be promptly submitted.