**ALLIED CHEMICAL CORP.**

v.

**STROUSE, INC.**

**Civ. A. No. 44325.**

United States District Court, E. D. Pennsylvania.

Dec. 1, 1971.

H. T. Reath, Philadelphia, Pa., for plaintiff.

Morris H. Wolf, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This action arises out of defendant's failure to pay plaintiff, Allied Chemical, for certain amounts of chemical propellants. Defendant used these propellants to produce aerosol paints, which were, in turn, sold to the United States Government under several government contracts. Upon determining that the paint did not meet government specifications, the government rejected large quantities of the paint. Plaintiff then brought suit for the purchase price of the propellant and the defendant counter-claimed for breach of warranty. Defendant now seeks to join Wholesale Paint Company contending it is a proper party in this suit in that Wholesale Paint was the actual government contractor while Strouse was merely the manufacturer of the paint. Before the Court is the motion of defendant Strouse, Inc. to join Wholesale Paint Company as a defendant under Federal Rules of Civil Procedure 19(a) and 20(a).

Rule 19(a) provides in pertinent part:

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if * * * (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest * * * ".

Defendant contends that since Wholesale was the actual government contractor and suffered actual damages as a result of purchasing the paint in question from the defendant, it has an interest similar to defendant in the subject-matter of the counter-claim in this action. In the four and one-half years since the last delivery by Allied to Strouse and in the three and one-half years since this suit was filed, no claim has been asserted by Wholesale against Allied. At this time any cause of action by Wholesale is now barred by the applicable Statute of Limitations, 12A P.S. § 2–725, which provides that a suit for breach of warranty must be asserted within four years. Thus, although Wholesale has an interest in the subject-matter of the counter-claim, refusal to join Wholesale will in no way impair or impede his ability to protect that interest, since it is already barred by the Statute of Limitations.

Secondly, defendant contends that the joinder of Wholesale is proper under Rule 20(a). We note that motions made pursuant to Rule 20(a), unlike its counterpart, Rule 19, are addressed to the sound discretion of the Court to make such orders as may be required to prevent delay and prejudice. Barr Rubber Products Co. v. Sun Rubber Co., 425 F.2d 1114, 1126–1127 (2d Cir.1970); Arrington v. City of Fairfield, 414 F.2d 687, 693 (5th Cir.1969).

**590**

This case is about to be reached for trial. Substantial delay may result by permitting joinder of Wholesale at this late date. No prejudice will result to Wholesale since its claim is barred by the applicable statute of limitations. Moreover, since Wholesale's claim is barred, joinder here would in no way further the underlying purpose of the permissive joinder rule—avoidance of a multiplicity of lawsuits involving similar or identical issues. Anderson v. Francis I. duPont & Co., 291 F.Supp. 705, 711 (D.Minn.1968); Goodman v. H. Hentz & Co., 265 F.Supp. 440, 443 (N.D.Ill.1967).

Accordingly, defendant's request for joinder of persons needed for just adjudication will be denied.