The **FAIR HOUSING DEVELOPMENT FUND CORPORATION, a non-profit corporation, et al., Plaintiffs,**

v.

**John W. BURKE, in his official capacity as Supervisor of the Town of Oyster Bay, et al., Defendants.**

**No. 71–C–328.**

United States District Court,
E. D. New York.

June 2, 1972.

Norman Johnson, Nathaniel R. Jones, and James I. Meyerson, N.A.A.C.P., New York City, for plaintiffs.

Simpson, Thacher & Bartlett, New York City, for defendants Town of Oyster Bay and Burke, Ocker, Doolittle, Christ, Diamond, Yevoli and Saladino.

Jack D. Tillem, Brookville, N. Y., for defendant Town of Oyster Bay Housing Authority.

Sprague, Dwyer, Aspland & Tobin, Mineola, N. Y., for the Villages of Centre Island, Lattingtown, Matinecock, Muttontown and Oyster Bay Cove, and their respective mayors.

Humes, Andrews, Botzow & Wagner, Locust Valley, N. Y., for the Village of Upper Brookville and its mayor.

Peter B. Allsopp, Mineola, N. Y., for the Village of Mill Neck and its mayor.

George C. Pratt, Mineola, N. Y., for the Village of Old Westbury and its mayor.

George B. Costigan, Jr., Mineola, N. Y., for the Village of Brookville and its mayor.

Dorothy M. Fordyce, Locust Valley, N. Y., for the Village of Old Brookville and its mayor.

Thomas C. Platt, New York City, for the Village of Laurel Hollow and its mayor.

William H. Mathers, New York City, for the Village of Cove Neck and its mayor.

## DECISION AND ORDER

TRAVIA, District Judge.

The plaintiffs bring this action challenging the constitutionality of the zoning ordinances of the Town of Oyster Bay, Long Island ("Town"). They purport to represent the class of all Black economically disadvantaged persons in the New York metropolitan area; and they seek declaratory and injunctive relief against the Town, its Housing Authority, and certain of its officials. The plaintiffs now move to join certain parties defendant and to add the National Association for the Advancement of Colored People ("NAACP") as a party plaintiff. The plaintiffs also have filed a motion to declare this a class action, which motion was ordered adjourned without date to grant to the defendants an opportunity to properly present their opposition after a decision on the pending motions. They also seek an order scheduling this case for an early trial. This motion will be held in abeyance until the disposition of the pending motions.

### I.

■ Plaintiffs move pursuant to Rules 19 and 21, Fed.R.Civ.P., to add as parties defendant twelve incorporated villages located within the geographic boundaries of the Town and their re-

spective mayors.[1] They also seek to amend their complaint to reflect the proposed addition of parties.[2]

It is claimed that pretrial discovery has disclosed that certain incorporated villages lie within the geographic boundaries of the Town, that these villages form independent governmental units authorized to control land use within their limits, and that their respective mayors are responsible for the enforcement of village land use policies. Plaintiffs allege that they have learned from discovery that the housing and land use policies of the Town cannot be considered independent of those of the villages since the villages and the Town are socially, economically and otherwise interrelated into a functional whole and their policies collectively contribute to the overall pattern of racial segregation which prevails within the geographic boundaries of the Town.[3] It is also alleged that the villages engage in the same activity as the present defendants; that is, their policies, as effected through zoning ordinances, have established affluent residential communities and have foreclosed Black economically disadvantaged persons from access to equal housing and land use opportunities because they are Black and economically disadvantaged.

Rule 19 permits joinder in those situations where joinder of parties is necessary for a just adjudication of a case. It provides in part, pertinent to the instant case, that a person shall be joined as a party if "in his absence complete relief cannot be accorded among those already parties."[4] Plaintiffs contend that joinder of the villages is necessary under Rule 19 since, in light of the interrelationships among and the concerted activity on the part of the Town and the villages, a just determination of the case will require a consideration of the effects of their collective activity and if the equitable relief desired is to be meaningful, it will require court ordered cooperation between all governmental units within the Town's geographic boundaries. Since plaintiffs purport to represent all Black economically disadvantaged persons in the New York metropolitan area, this raises a very serious question as to whether this Court has

1. The proposed defendants include the following incorporated villages in the Town and their respective mayors, in their official capacities: The Village of Brookville, Kevin Wait, Mayor thereof; The Village of Centre Island, William F. Moore, Mayor thereof; The Village of Cove Neck, William T. Mathers, Mayor thereof; The Village of Lattingtown, Clarence Michalis, Mayor thereof; The Village of Laurel Hollow, William I. Smoot, Mayor thereof; The Village of Matinecock, George B. Pidot, Mayor thereof; The Village of Mill Neck, Robert F. deGraff, Mayor thereof; The Village of Muttontown, James Lee, Mayor thereof; The Village of Old Brookville, Louis A. Ruckgaber, Mayor thereof; The Village of Old Westbury, John E. Lecraw, Mayor thereof; The Village of Oyster Bay Cove, Arthur D. Weekes, Jr., Mayor thereof; The Village of Upper Brookville, Alfred Seaman, Mayor thereof.

2. Where an amendment of the pleadings is necessary for purposes of clarity or otherwise, after parties have been added, the complaint should be amended. Bartels v. Sperti, Inc., 73 F.Supp. 751 (S.D. N.Y.1947).

3. In order to establish the interrelationship of the land use practices of the villages and the Town, plaintiffs have submitted a draft of a report on the subject prepared for the plaintiffs by the planning consultant firm of Jones and Darby, Inc.

4. Rule 19 also applies in situations where an absent party claims an interest in the subject of the action and is so situated that the disposition of the action in his absence may

" . . . (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

This clause is not, and is not alleged to be, applicable in the instant case.

the jurisdiction to order all independently controlled political subdivisions within the County involved directly in this case and all the municipalities within the metropolitan area which includes the City of New York and at least two other states. Parts of at least one proposed defendant lie within Suffolk County.

■ In deciding joinder motions under Rule 19, this Court is bound by "practical rather than rigid legalistic considerations."[5] Broussard v. Columbia Gulf Transmission Co., 398 F.2d 885, 888 (5th Cir. 1968); Gram v. May, 41 F.R.D. 52, 54 (E.D.Pa.1966); cf. 1966 Advisory Committee Note to Rule 19, 39 F.R.D. 89, 90 (1966). The primary consideration, however, is whether any judgment that might be rendered will be adequate in the absence of the parties sought to be joined. It has been noted that that part of the rule which is pertinent herein "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." Advisory Committee Note, *supra*, 39 F. R.D. at 91; cf. Schutten v. Shell Oil Co., 421 F.2d 869, 874 (5th Cir. 1970) (". . . [T]he court must guard against the formation of 'paper' decrees which neither adjudicate nor, in the end, protect rights.").

■ Plaintiffs are presently seeking injunctive and declaratory relief with respect to the housing and land use policies and practices of the Town as effected through their zoning ordinances. The zoning powers of the Town have been properly delegated to its Town Board by the State of New York. N.Y. Town Law § 261 (McKinney's Consol. Laws c. 60, 1965); Green Point Savings Bank v. Board of Zoning Appeals of Town of Hempstead, 281 N.Y. 534, 24 N.E.2d 319 (1939), appeal dismissed, 309 U.S. 633, 60 S.Ct. 719, 84 L.Ed. 990 (1940). The Town Board has the sole authority over zoning within its jurisdiction, New York, N. H. & Hart. R. R. v. Sulla, 198 N.Y.S.2d 353 (Sup.Ct. 1960), and, therefore, the villages have no involvement with the zoning ordinances and land use policies and practices of the Town in those unincorporated areas over which it exercises jurisdiction. Moreover, each incorporated village possesses zoning powers independent of the Town. N.Y. Village Law § 175 (McKinney's Consol. Laws c. 64 1966); Incorporated Village of Atlantic Beach v. Town of Hempstead, 47 Misc.2d 29, 262 N.Y.S.2d 28 (Sup.Ct.1965). The Town lacks any zoning authority with respect to those incorporated villages lying within its geographic boundaries. N.Y. Town Law § 261 (McKinney 1965).[6]

Thus, it is entirely clear that the relief requested as against the Town can be effectively awarded so as to completely adjudicate the instant controversy. The Town and the villages are distinct, independent governmental entities, complete-

---

5. Rule 19 was rewritten in 1966 to eliminate the formalistic labels and time honored categories of "indispensable", "necessary", and "proper." Cohn, The New Federal Rules of Civil Procedure, 54 Geo. L.J. 1204 (1966); Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure, 81 Harv.L.Rev. 356, 358–375 (1967). Compulsory joinder is therefore now a discretionary matter, dependent on a realistic analysis of the facts of each case, rather than a matter governed by conceptional classifications of the interests of the parties. Provident

Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed. 2d 936 (1968); Reese v. Skelly Oil Co., 53 F.R.D. 548 (S.D.Miss.1971).

6. Not only is it clear that the villages are independent of the Town as a matter of law with respect to their zoning powers, but the various affidavits which have been submitted by the villages in opposition to their joinder indicate that the facts and circumstances surrounding each of the twelve villages, especially with regard to their effective land use policies, distinguish them from the Town and also from each of the other villages.

ly autonomous in their zoning powers, and any relief determined to be proper can be adequately fashioned with respect to the present defendant, the Town. There would be nothing incomplete, partial or hollow in its effect on any of the present parties. It can only be concluded that there exist no *compelling* reasons for joinder of the incorporated villages and their mayors, that they are not indispensable to this action, and that it is not *necessary* under Rule 19 to join them as parties defendant for a just adjudication of the merits of this case.

Plaintiffs also seek joinder of parties defendant pursuant to Rule 21, which provides in pertinent part: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." This rule affords broad discretion[7] to the court in adding and dropping parties; either may be done at any time[8] and under any terms or conditions imposed by the court. *See* 3A Moore's Federal Practice § 21.05 (1970).

Certain principles are most pertinent to the proper exercise of this Court's discretion.[9] First, the purpose of the rule, insofar as it relates to the addition of parties,

" . . . is to permit the bringing in of a person who, through inadvertance, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable."

Truncale v. Universal Pictures Co., 82 F.Supp. 576, 578 (S.D.N.Y.1949); Crews v. Blake, 52 F.R.D. 106, 107 (S.D.Ga.1971). Secondly, the liability of the proposed additional parties is not an issue to be determined at the motion stage.[10] United States v. National Screen Service Corp., 20 F.R.D. 226, 227 (S.D.N.Y.1957). Finally, the general standard by which the Court is to be guided is the same standard of liberality afforded to motions to amend pleadings under Rule 15, Fed.R.Civ.P.[11] Kaminsky v. Abrams, 41 F.R.D. 168, 170 (S.D.N.Y.1966); Holiday Publishing Co. v. Gregg, 330 F.Supp. 1326, 1328 (S.D.N.Y.1971).

Notwithstanding the liberality with which this motion has been considered, an analysis of the facts and circum-

7. The trial court's exercise of discretion will not be disturbed on appeal unless abuse is shown. Halladay v. Verschoor, 381 F.2d 100, 108 (8th Cir. 1967); Anderson v. Moorer, 372 F.2d 747, 750 (5th Cir. 1967); Holiday Publishing Co. v. Gregg, 330 F.Supp. 1326 (S.D.N.Y.1971).

8. *See* Mullaney v. Anderson, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952) (party added by the Supreme Court); Anglo Canadian Shipping Co. v. United States, 238 F.2d 18 (9th Cir. 1956) (party added by appellate court); Reichenberg v. Nelson, 310 F.Supp. 248 (D.Neb.1970) (parties added after trial).

9. Several Rule 21 cases have involved situations where an absent party's *joinder* would affect subject matter jurisdiction and where the statute of limitations has run against him. *See* 3A Moore's *supra*, § 21.04 [2]. Courts are most reluctant to order joinder in these situations. In this case, however, *no jurisdictional or limitations problems exist.*

10. The granting of a motion to add a party does not pass on the merits or bar subsequent appropriate attacks on the amended pleadings. 3A Moore's *supra*, § 21.05 [1] at 21–25; Kaminsky v. Abrams, 41 F.R.D. 168 (S.D.N.Y.1966) (dictum).

11. Rule 15, Fed.R.Civ.P., states that leave to amend a pleading "shall be freely given when justice so requires." *See* Triangle Conduit & Cable Co. v. Wheeling Steel Corp., 266 F.Supp. 236, 238 (D.N.J.1967), wherein the court stated in this regard: "[A] plaintiff should not be pilloried on a purely literal interpretation of the allegations of a complaint and . . . for the purpose of affording complete relief amendments should be freely allowed." *See also* Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Roloff v. Arabian Am. Oil Co., 421 F.2d 240 (2d Cir. 1970); Green v. Wolf Corp., 50 F.R.D. 220 (S.D.N.Y. 1970).

stances of this case, in light of the rule's purpose and the relevant cases and principles of law, reveals that joinder of the villages and their mayors under Rule 21 would not be appropriate. This Court's determination is dictated by various considerations, including the following.

This suit was commenced on March 24, 1971. Since that time an enormous amount of pretrial discovery has been undertaken,[12] independent research and investigation have been conducted, and several procedural issues have been litigated. An enormous amount of legal energy has been expended on the issues between the present parties, and only after a year's work have the issues begun to be narrowed and defined. To join the proposed defendants at this state of the case would be most unwise.

Joinder of the villages and their mayors would introduce many complicated issues into an already complex case. As has already been noted, each of the twelve villages is completely autonomous and exists as a separate and distinct entity. The facts and circumstances of each are peculiar to itself, and the investigation and litigation of the issues involving each would involve undue delay taxing the limited resources of this Court as well as unduly burdening the present defendants.[13] Not only would

the conducting of various ancillary proceedings relating to issues involving the various villages be necessary, but joinder would open the door to a "Pandora's box" of discovery. *See* Barr Rubber Products Co. v. Sun Rubber Co., 425 F. 2d 1114, 1127 (2d Cir. 1970), cert. denied 400 U.S. 878, 91 S.Ct. 118, 27 L. Ed.2d 115. The trial and date of ultimate resolution of the issues of fundamental importance involved in this case would be postponed indefinitely.[14] The addition of the proposed defendants at this state of the case would, therefore, unnecessarily delay the resolution of the case and unduly prejudice the present defendants in their present posture of preparation. *See* Barr Rubber Products Co. v. Sun Rubber Co., *supra;* Allied Chemical Corp. v. Strouse, Inc., 53 F.R. D. 588 (E.D.Pa.1971); Milton E. Rayfield & Co. v. Watson Seafood & Poultry Co., 268 F.Supp. 97 (E.D.N.C.1967); Kaminsky v. Abrams, *supra.*

Not only would prejudice and delay accrue from joinder of the proposed parties, but this presently complex suit would become further complicated by the addition of what is under the circumstances twelve distinct cases involving similar alleged causes of action. No valid reason has been put forth to convince this Court of the desirability of so com-

---

12. The following products of discovery have been filed in this Court: the answers to Plaintiffs' interrogatories by Defendant Town; answers to Plaintiffs' interrogatories by Defendants Burke, Doolittle, Christ, Diamond, Yevoli, Saladino, and Ocker; answers to Plaintiffs' second interrogatories by Defendants Burke, Doolittle, Christ, Diamond, Yevoli, Saladino and Ocker; answers to Defendants' interrogatories by Plaintiffs; answers to Plaintiffs' interrogatories of August 30, 1971, by Defendant Town; depositions of Plaintiffs Chandler, Miller, Lockhart, Mattock, Grier, Underwood, Newton, McFadden and the Fair Housing Development Fund Corporation; additional answers of Plaintiffs to Defendants' first interrogatories; answers to Defendants' second set of interrogatories by Plaintiffs.

13. It should also be noted that joinder at this stage could very well prejudice the villages who have not heretofore had an opportunity to participate in various essential proceedings.

14. Plaintiffs have moved for a trial preference and have submitted a proposed expedited schedule which allegedly takes into account the proposed additional parties, the new issues and the need for new discovery. They maintain that if the schedule is adhered to, delay can be avoided. Plaintiffs have attempted to minimize the complex nature of the issues which will enter into this case with the additional parties, and they have overestimated the resources of this Court, the present defendants, and the proposed defendants.

plicating this case. Pretrial discovery and collateral proceedings would become unmanageable and the trial would involve virtual chaos. It would, therefore, not be appropriate to unduly broaden the scope of this action and to create unnecessary administrative problems. Milton E. Rayfield & Co. v. Watson Seafood & Poultry Co., *supra* at 103.

Three final points should be noted. Although plaintiffs attempt to excuse their delay in making this motion,[15] this Court is unconvinced that the facts and circumstances surrounding it were indeed newly discovered. *See* Gainey v. Brotherhood of Ry. and Steamship Clerks, 9 Fed.Rules Serv.2d 15a.32, Case 4 (E.D.Pa.1965). It has also been noted that where non-compulsory joinder is sought and it is necessary for full relief, it should be ordered. American Infra-Red Radiant Co. v. Lambert Industries, Inc., 32 F.R.D. 372 (D.Minn.1963), aff'd in part, rev'd in part, 360 F.2d 977 (8th Cir. 1966), cert. denied, 385 U.S. 920, 87 S.Ct. 233, 17 L.Ed.2d 144 (1966). As was indicated, *supra,* joinder of the proposed defendants is not necessary for full relief. A final factor to consider is whether the same proofs would be involved in separate suits against the proposed defendants. Amer-

ican Infra-Red Radiant Co. v. Lambert Industries, Inc., *supra.* Although the same cause of action is being asserted against the proposed defendants, the factual circumstances surrounding each village are such that the proofs against them would be varied.

This Court, therefore, concludes that discretionary joinder under Rule 21, Fed.R.Civ.P., would be neither desirable nor proper.[16]

## II.

Plaintiffs move pursuant to Rules 20 and 21, Fed.R.Civ.P., to add the NAACP as a party plaintiff.[17] They state that the NAACP seeks to join in this action on its own behalf and on behalf of its members because of its special interest in the problems of housing and discrimination and in order to secure for its members, a great many of whom are Black, economically disadvantaged persons in the New York metropolitan area, equal housing and land use opportunities in the Town. It is alleged that the NAACP asserts a right to relief under the Thirteenth and Fourteenth Amendments to the Constitution which arises out of the same occurrence which affects and gives the plaintiffs their claim for relief. It is also asserted that common

---

15. Meyerson Affidavit (May 8, 1972). In his affidavit, the plaintiff's attorney himself concedes that he was aware of the existence of the proposed defendants and their independent zoning powers at the time of the commencement of the action. He asserts he was not aware of the interrelationships among the various governmental units within the geographic boundaries of the Town. However, the complaint as originally drawn and prior proceedings in this case indicate that the initial intent was to sue all governmental bodies responsible for the housing and land use policies and practices within the geographic boundaries of the Town. If this was the case, the proposed defendants should have been initially joined as parties defendant since their existence and powers were known.

16. Although the plaintiffs have not moved pursuant to Rule 20, it might have been

argued that joinder would have been proper thereunder. Such an argument would be without merit, however. The claims asserted against the proposed defendants do not arise "out of the same transaction, occurrence, or series of transactions or occurrences"; rather, the claims against each of the villages arise out of their independent and distinct policies and practices of housing and land use. Joinder under such circumstances would not be proper. Kenvin v. Newburger, Loeb & Co., 37 F.R.D. 473 (S.D.N.Y.1965); Music Merchants v. Capitol Records, 20 F.R.D. 462 (E.D.N.Y.1957); Philadelphia Dressed Beef Co. v. Wilson & Co., 19 F.R.D. 198 (E.D.Pa.1956).

17. It would seem that a more appropriate procedure for bringing the NAACP into the case would have been a motion to intervene by the NAACP pursuant to Rule 24(b), Fed.R.Civ.P.

questions of law and fact are present, since the NAACP also represents persons who will be denied equal protection of the law unless the defendants' actions are enjoined.

 Rule 21 has been discussed in detail, *supra*. Rule 20 merits discussion, however. The purpose of the rule is to promote trial convenience and to expedite the final determination of disputes. Nagler v. Admiral Corp., 248 F.2d 319, 327–328 (2d Cir. 1957); General Investment Co. of Conn. v. Ackerman, 37 F.R. D. 38, 41 (S.D.N.Y.1964); *see generally* 3A Moore's, *supra* § 20.02 at 2721. It requires for joinder the existence of questions of law or fact common to the present parties and those to be joined and the assertion on behalf of each of the plaintiffs of claims which relate to, or arise out of, a single transaction or occurrence or series of transactions or occurrences. Finally, Rule 20 is similar to Rule 21 in that it allows the exercise of wide discretion by the Court in entertaining joinder. It does not confer a right to add parties, though their joinder would fit the rule's requirements. Barr Rubber Products Co. v. Sun Rubber Co., *supra*, 425 F.2d at 1126–1127.

 Although the NAACP might very well meet the requirements of Rule 20, this Court is unable to see any interest which will be served by its joinder as a party plaintiff at this stage of the case.[18] Not only have the plaintiffs failed to show what the NAACP might contribute to the prosecution and disposition of this action, but several policy considerations mitigate the desirability of the NAACP's joinder. First, plaintiffs allege that the NAACP will sue on behalf of its members, "a great many of whom are Black, economically disadvantaged persons in the New York metropolitan region."[19] The named plaintiffs already allege, and have vigorously argued before this Court in two motions for the declaration of a class action, that they adequately represent the very parties sought to be represented by the NAACP.[20] If the allegations of the complaint are true, there is no need for joinder of the NAACP; it is an unnecessary party since the class of Black, economically disadvantaged persons in the New York metropolitan area is presently well represented. *See* Bogosian v. Gulf Oil Corp., CCH 1972 Trade Cases § 73,916 (E.D.Pa.1972). Moreover, the contribution of the NAACP to an expeditious and just determination of this case would seem to be negligible, especially since its attorneys are the attorneys of record for the present plaintiffs. Any arguments or points of law which might be raised by the NAACP as a party can, and most probably will, be raised by the present attorneys who are in fact affiliated with the NAACP.[21]

---

18. This Court also entertains serious doubts as to the standing of the NAACP to proceed effectively as a party plaintiff in this case.

19. Plaintiffs' Motion to Add NAACP, par. 4.

20. Plaintiffs purport to represent a class comprised of:
 "all Black economically disadvantaged persons who live in the Defendant Town of Oyster Bay, New York or elsewhere in the New York metropolitan region and who are compelled to reside in substandard and unsatisfactory housing in racially impacted enclaves." Amended Complaint, III.A. 1, 2, pp. 4–5.

21. Plaintiff Fair Housing Development Fund Corporation, alleged to be a representative of the class of all Black economically disadvantaged persons in the New York metropolitan area, was organized by a local branch of the NAACP to combat housing discrimination and shortages. Deposition of Fair Housing Development Corporation, at 7–8. All correspondence of the attorneys for the plaintiffs to this Court and the other parties to this suit appear on stationery of the "NAACP Special Contribution Fund." Also, the docket sheet of this case lists the NAACP as the attorneys for the plaintiffs. It is apparent that plaintiffs' attorneys are in fact employed by the NAACP and that the NAACP is

Secondly, no attempt has been made to excuse the belated nature of this motion. The NAACP certainly was aware of this action before its commencement more than a year ago. The motion is characterized by the absence of diligence on the part of the NAACP and the plaintiffs and in light of the progress of this case, there is no reason for joinder of the unnecessary party at this stage.

Finally, joinder of the NAACP can only serve to complicate and further delay this lawsuit. It will in the very least necessitate examination of the new party, by way of interrogatories and deposition, to determine if it has standing in this action and if it is a proper representative of the class it purports to represent. Furthermore, joinder might also lead to the filing of various motions directed at and litigation involving the NAACP. It is too high a price for this Court and the present parties to pay for the addition of a party which will add nothing to this case. Therefore, the Court concludes that there is no valid purpose for the joinder of the NAACP as a party plaintiff under rules 20 and 21.

See also, D.C., 336 F.Supp. 1084.

---

"sponsoring" this lawsuit. *See* Comments of Roy Wilkens, Executive Secretary of the NAACP, N.Y. Times, March 26, 1971, at 8; N.Y. Daily News, March 26, 1971, at 5.