MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
Rule 21, M.R.Civ.P. provides:
“Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be served and proceeded with separately,(Emphasis added.)
Joinder under this rule is not automatic. The rule only provides that parties “. . . may be dropped or added ... on motion . . .” There is no requirement that they must be added upon motion. Although the court generally views requests to join additional defendants with favor, see 3A Moore’s Federal Practice, Paragraph 20.06 (2d.Ed. 1979), it retains broad discretion in ruling on such a motion. Barr Rubber Products Co. v. Sun Rubber Co., 425 F.2d 1114, 1126-27 (2d. Cir.), cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); Fair Housing Development Fund Corp. v. Burke, 55 F.R.D. 414, 420 (E.D.N.Y. 1972); Allied Chemical Corp. v. Strouse, Inc., 53 F.R.D. 588, 589-90, (E.D.Pa. 1971). Factors the judge should consider include trial convenience, avoidance of prejudice, and minimizing expense and delay, all to the end of adopting a procedure that will result in a just and final end to litigation. State ex rel. Stenberg v. Nelson (1971), 157 Mont. 310, 486 P.2d 870.
I find no clear error in the District Court’s decision to deny appellants’ motion for joinder. The ruling was based upon appellants’ consent to the removal of the respondents’ on June 24, 1980. The motion for joinder was made almost two years later on February 16, 1982.
*309 It was not an abuse of discretion to deny the motion for joinder especially in light of “the overriding consideration that the presiding judge must have control of trial procedures to the extent of shaping trials to meet the developing circumstances of the case before him.” Stenberg, supra.
I would affirm.