**EXPOCONSUL INTERNATIONAL, INC., a New Jersey Corporation, Plaintiff,**

v.

**A/E SYSTEMS, INC., a/k/a A/E/C Systems, Inc., a Connecticut Corporation, Defendant.**

**No. 88 Civ. 0877 (LAP).**

United States District Court, S.D. New York.

Jan. 11, 1993.

John J. Jones, Highstown, NJ, Kenyon & Kenyon, by James E. Rosini, Jeffrey M. Butler, New York City, for plaintiff.

McCormick, Paulding & Huber by J. Kevin Grogan, Hartford, CT, Robin, Blecker, Daley & Driscoll by Albert Robin, New York City, Shipman & Goodwin by Peter W. Benner, Hartford, CT, for defendant.

## OPINION AND ORDER

PRESKA, District Judge.

Plaintiff, Expoconsul International, Inc. ("Expoconsul"), moves pursuant to Fed. R.Civ.P. 15(a) and 21 to amend its complaint against defendant, A/E Systems, Inc., a/k/a A/E/C Systems, Inc. ("Systems"), to add four defendants. For the reasons set forth below, Expoconsul's motion is granted.

### I. *Background*

The facts relevant to this motion are

straightforward.[1] Both parties are in the business of operating A/E/C systems tradeshows, which involve the promotion of computer systems for use in architecture, engineering, and construction (hence the term "A/E/C"). Expoconsul is pursuing several causes of action against Systems arising out of allegations that Systems has sought to exclude Expoconsul from the market for A/E/C systems tradeshows.

■ With the instant motion, Expoconsul seeks to add as defendants MRH Associates, Inc. ("MRH Associates"), GSB Associates, Inc. ("GSB Associates"), Michael R. Hough ("Hough"), and George S. Borkovich ("Borkovich") (collectively, the "new defendants"). The parties have submitted to the Court extensive materials regarding the relationship between the new defendants and Systems.[2] Condensed to their essence, these materials reveal that Hough and Borkovich, through MRH Associates and GSB Associates, conduct substantially all, if not entirely all, of Systems' business; moreover, the materials impugn the corporate veil surrounding Systems by suggesting, *inter alia*, domination and undercapitalization of Systems by the new defendants.

Expoconsul asserts that the Court should grant its motion to amend on the basis that (1) Hough and Borkovich can be found liable in this action either as alter egos of Systems or as agents acting on behalf of Systems and (2) MRH Associates and GSB Associates can be found liable as the principals responsible for the actions of their agents Hough and Borkovich. Although the Court will likely be called upon at a later date to untangle this web of alleged liability, such an undertaking is inappropriate at this juncture. *See EEOC v. Sage Realty Corp., Inc.*, 87 F.R.D. 365, 371 (S.D.N.Y.1980) ("Determination of the liability of a proposed additional party should not be made upon a motion to amend but rather after addition of the party at trial.").[3] Rather, the analysis necessary to rule on Expoconsul's motion is less complicated.

## II. *Discussion*

■ Leave to amend a complaint is to be "freely given" pursuant to Fed.R.Civ.P. 15(a) except where circumstances dictate otherwise as a result of factors such as undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981).[4]

1. Two prior decisions of the Court elaborate upon the underlying facts in this action. *See Expoconsul Int'l, Inc. v. A/E Systems, Inc.*, 755 F.Supp. 1237 (S.D.N.Y.1991) (Leval, J.) (granting Expoconsul summary judgment on Systems' counterclaim for trademark infringement); *Expoconsul Int'l, Inc. v. A/E Systems, Inc.*, 711 F.Supp. 730 (S.D.N.Y.1989) (Walker, J.) (denying Systems' motions as to venue, *forum non conveniens*, and the adequacy of the antitrust counts of the complaint).

2. The parties should take note that submissions regarding a motion should include a memorandum separate from any supporting affidavits and not one vast bound document. *See* Rule 3 of the Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York.

3. The new defendants, via statements made in Systems' brief, purport to reserve their right to challenge personal jurisdiction over them. Mem. in Opp'n of Pl.'s Mot. at 18 n. 11. The Court notes with interest that the new defendants seek to communicate with the Court through Systems while Systems simultaneously maintains that it possesses an identity distinct from the new defendants. In any event, for purposes of the present motion, it does appear that personal jurisdiction over the new defendants exists. *See Expoconsul*, 711 F.Supp. at 733 (finding contacts by Systems in New York, including visits to New York by Systems' officers); *see also Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314, 1317–18 (S.D.N.Y. 1989) (finding personal jurisdiction over corporate officer transacting business in New York). The new defendants can, of course, raise the jurisdictional defense pursuant to Fed.R.Civ.P. 12(b)(2).

4. Neither party has distinguished between Fed.R.Civ.P. 15(a) and 21 in their arguments, and the principles guiding the Court are the same under either rule. *See Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972). Because Fed.R.Civ.P. 15(a) better suits the arguments put forth by the parties, I will consider Expoconsul's motion under that rule alone.

■ Systems contends that Expoconsul's motion to amend should be denied because it comes too late. In support of this argument, Systems points out that (a) approximately five years have passed since the commencement of this case and (b) over 5600 pages of deposition testimony have already been taken. The denial of a motion to join parties pursuant to Fed.R.Civ.P. 20 has been upheld in the face of almost identical considerations. *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (4½ years elapsed and 6000 pages of deposition testimony taken), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); *but see Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973) (abuse of discretion to deny motion to amend third party complaint five years after filed where no prejudice shown to opposing party); *SEC v. National Student Mktg Corp.,* 73 F.R.D. 444, 447 (D.D.C. 1977) (granting motion to amend five years after amended complaint filed and four years after matters to be added became known). Nevertheless, delay alone does not provide sufficient justification for the denial of a motion to amend. *State Teachers,* 654 F.2d at 856 (citing *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.,* 392 F.2d 380, 384 (2nd Cir.1968)).

Systems does make additional arguments for the denial of Expoconsul's motion to amend. Systems claims that Expoconsul had sufficient information when it commenced this case to name the new defendants at that time but instead delayed out of bad faith "as a dilatory maneuver." At oral argument, counsel for Systems advised the Court that Hough and Borkovich had been examined on several days during the period of 1988–1991 about their financial relationship with Systems and about the nature of the services they rendered through MRH Associates and GSB Associates to Systems. Expoconsul's counsel contended that it was only after the resolution in October 1992 of a discovery dispute regarding evidence concerning, *inter alia,* the flow of funds from Systems to the new defendants that Expoconsul sought leave to move to amend its complaint to add the new defendants. Either way, there has been no showing of bad faith here.

Systems also contends that adding the new defendants is futile because the statute of limitations has already run as to them. Where a complaint is amended to add new claims, questions as to time bar are normally considered with the motion to amend rather than in a future motion to dismiss. *Middle Atl.,* 392 F.2d at 385; *Marine Midland Bank v. Keplinger & Assocs., Inc.,* 94 F.R.D. 101 (S.D.N.Y.1982); *Green v. Wolf Corp.,* 50 F.R.D. 220, 223–24 (S.D.N.Y.1970). In this case, however, the Court is faced with the novel situation where one party is asserting the defense of time bar on behalf of proposed new parties. Although confronting the issue of time bar now might be expedient, allowing the new defendants to move on their own behalf as to the statute of limitations appears to be the more appropriate course of action.[5] This is particularly so because Systems' argument regarding the issue of time bar is complex.[6] Suffice it to say at this point that the proposed amendment does not on its face appear to be futile.

· Finally, Systems submits that amendment of the complaint to add the new defendants greatly prejudices it and the new defendants. At oral argument, however, when asked to detail such prejudice, counsel referred only to the passage of time—a factor which, as noted above, is insufficient standing alone. Addition of the new defen-

---

**5.** Similarly, the Court will not at this time address any challenges by Systems to the merits of Expoconsul's claims against the new defendants. It suffices to note that Expoconsul has asserted substantial arguments regarding anticompetitive behavior conducted by the new defendants on behalf of Systems. As with a motion to dismiss on the basis of time bar, the new defendants are not precluded by the granting of this motion from later moving to dismiss the amended complaint on its merits. *Fair Hous. Dev. Fund,* 55 F.R.D. at 419.

**6.** Systems asserts that allegations against the new defenadnts based on acts occurring within the applicable limitations period fail to state a claim and that allegations against the new defendants based on acts falling outside the limitations period fail to relate back to the original complaint under Fed.R.Civ.P. 15(c).

dants does not add significantly to the complexity of the issues in the case or to the discovery necessary before the case can proceed to trial.[7] In fact, forcing Expoconsul to institute a new action against the new defendants would run counter to the interests of judicial economy. If that separate lawsuit were not eventually consolidated with this one, it might well require the repetition of many of the same efforts in this case which have thus far produced two extensive judicial opinions and, according to Systems' calculations, over 5,600 pages of deposition testimony.

To the extent that Systems and the new defendants must wrestle with legal strategy and whether to retain separate counsel because of Expoconsul's amendment, such decisions would have to have been confronted if Expoconsul had joined the new defendants when it first filed the complaint. Thus, no marked prejudice exists in this regard as a result of adding the new defendants at this time. In sum, faced with deciding whether justice is best served by allowing Expoconsul to bring the new defendants into this lawsuit, I find that the judicial process benefits from resolving Expoconsul's claims against the new defendants in this action.

### III. *Conclusion*

For the reasons stated above, Expoconsul's motion to amend its complaint is granted; the amended complaint shall be filed and served forthwith.

SO ORDERED.

---

7. At oral argument, Expoconsul's attorney stated that it would seek no additional discovery if the motion were granted, and Systems' counsel stated that it would seek only contention interrogatories—discovery which is appropriate only at the end of the discovery process. *See* Rule 46(c) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.