**FTD CORPORATION, Plaintiff,**

**v.**

**BANKER'S TRUST COMPANY, BT
Securities Corporation, Ted Virtue
and Arthur Penn, Defendants.**

**No. 96 Civ. 0405 (SHS).**

United States District Court,
S.D. New York.

Feb. 13, 1997.

Daniel H. Weiner, Hughes Hubbard & Reed, New York City, for plaintiff.

Mathias E. Mone, Cahill, Gorden & Reindel, New York City, for defendants.

### ORDER

STEIN, District Judge:

FTD Corporation ("FTD Corp.") has brought this action alleging fraud, breach of contract, breach of fiduciary duty, and negligence. The suit arises from financing and investment banking agreements between plaintiff and defendants, which also affected the rights and interests of plaintiff's founding shareholders (the "Sponsors"), and plaintiff's wholly-owned subsidiary, FTD Incorporated ("FTD Inc."). Defendants have moved pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings dismissing FTD Corp.'s complaint for lack of standing. They contend that any damages alleged in the complaint were suffered not by plaintiff itself but rather by the Sponsors or by FTD Inc., none of whom are parties to this action. Plaintiff opposes the motion on the ground that it did suffer direct injuries as a result of defendants' actions. In the alternative, and to the extent necessary to maintain all of the asserted claims, FTD Corp. has moved pursuant to Fed.R.Civ.P. 15(a) to amend its complaint in order to join FTD Inc. as a plaintiff in this action. In addition, plaintiff has moved for an order lifting the stay of discovery to which the parties had previously stipulated. Upon due consideration by the Court, IT IS HEREBY ORDERED THAT:

1. The affidavit of Mathias E. Mone, submitted in support of defendants' motion for judgment on the pleadings, is excluded from consideration on the ground that it contains "matters outside the pleadings." Fed. R.Civ.P. 12(c). The motion will not be "treated as one for summary judgment." *See State Bank of India v. Walter E. Heller & Co.*, 655 F.Supp. 326, 326–327 (S.D.N.Y. 1987); *Hendrickson v. U.S. Attorney General*, 1994 WL 23069 at *1–2 (S.D.N.Y.); Fed. R.Civ.P. 12(c). To the extent that consideration of such additional materials is discretionary, the Mone affidavit is largely duplicative of defendants' memoranda of law, and provides no further assistance to the Court in the resolution of the present motions. *See State Bank*, 655 F.Supp. at 327.

2. Defendants' motion for judgment on the pleadings dismissing the complaint for lack of standing is DENIED on the ground that FTD Corp. has satisfied both the constitutional and prudential requirements for standing. In its consideration of a motion pursuant to Rule 12(c), the Court "must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). The motion may

not be granted unless it appears that the plaintiff "can prove no set of facts in support of [its] claim which would entitle [it] to relief" and that the moving party "is clearly entitled to judgment." *Id.; La Mirada Products Co., Inc., v. Wassall PLC.,* 823 F.Supp. 138, 140 (S.D.N.Y.1993).

■ The test for standing has two prongs: first, a threshold constitutional requirement, and second, a series of court-imposed prudential limitations. *See, e.g., Golden Hill Paugussett Tribe of Indians v. Weicker,* 39 F.3d 51, 58 (2d Cir.1994). In order to satisfy the constitutional portion of the test, the "plaintiff must (1) allege personal injury (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). The asserted injury must be a "distinct and palpable" one, "concrete and particularized as to plaintiff, actual and not hypothetical." *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *Frank v. United States,* 78 F.3d 815, 822 (2d Cir.1996). In order to satisfy the prudential portion of the test, the plaintiff must assert a specific grievance, as opposed to a general injury "shared in substantially equal measure by all or a large class of citizens"; the plaintiff must assert its own rights, rather than those of third parties; and the complaint must fall with the "zone of interests" defined by the statute or constitutional provision at issue. *See Warth,* 422 U.S. at 499, 95 S.Ct. at 2205; *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 474–475, 102 S.Ct. 752, 760, 70 L.Ed.2d 700 (1982).

■ These requirements are designed to insure that every action in federal court concerns a true case or controversy in which all parties have a personal stake, *see Flast v. Cohen,* 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968), and to avoid abstract questions of wide public significance that are better left to other governmental institutions for resolution. *See Warth,* 422 U.S. at 499–500, 95 S.Ct. at 2205.

■ Plaintiff has satisfied both the constitutional and the prudential standing requirements in this case. The complaint alleges that defendants committed negligence and fraud, and breached contractual and fiduciary duties they owed to plaintiff. Complaint at ¶¶ 76–103. It is further alleged that as a direct result of this conduct, plaintiff was forced to issue warrants representing approximately 20% of its initial equity to defendants and to providers of acquisition financing, and that plaintiff's wholly-owned subsidiary—FTD Inc.—was required to issue debt coupons and to pay investment banking fees at rates higher than those expected and agreed to by plaintiff. Complaint at ¶ 74. The amount of damages arising from these injuries is alleged to be at least $55 million. Complaint at ¶ 75.

With regard to the issuance of warrants, plaintiff has alleged a "distinct and palpable" injury sufficient to satisfy the constitutional requirement for standing, even if the amount of damages arising from that injury has not been alleged with precision. A warrant is a call on the assets of a corporation and a constraint upon the corporation's ability to freely determine how, when, and among whom its equity will be allocated. The corporation suffers an injury if such a constraint is imposed upon it as a result of fraud, coercion, negligence or any other violation of its common-law rights. Even absent specific evidence of economic loss, constitutional standing may be premised on the fact that "the structure of the corporation was changed as a result of illegal conduct" on the part of the defendants. *FMC Corp. v. Boesky,* 852 F.2d 981, 996 (7th Cir.1988) (Ripple, J., concurring). Moreover, "it is the corporation itself that is vitally affected by the change in its structure and, therefore, it is the proper plaintiff to bring this action." *Id.* Accordingly, the prudential portion of the standing test is also satisfied.

Defendants assert that the only harm alleged to arise from the issuance of warrants in this case is equity dilution, an injury which belongs not to plaintiff but to the Sponsors; they contend that plaintiff's standing may not be based on such an injury in light of the rule against an entity asserting the rights of third

parties. Def. Mem. at pp. 6–10. This argument is rejected on the ground that it improperly conflates injury with damages. *See Boesky,* 852 F.2d at 989.

As previously noted, the complaint alleges that a portion of the equity purchased by the Sponsors "had to be issued" to defendants and others, and that "plaintiff has been injured by the foregoing conduct in an amount to be determined at trial." Complaint at ¶¶ 74–75. There is no requirement that damages be pled with particularity at this stage in the proceedings. Whether plaintiff will actually be able to prove its damages under the "technical damage" theory enunciated in *Lewis v. Dansker,* 68 F.R.D. 184, 191 (1975)—which rests on the impairment of the corporation's ability to raise capital in the future—or any other theory, is a matter for another day.

The requirements of standing are also satisfied with regard to plaintiff's claims arising from the issuance of debt coupons and the payment of fees by plaintiff's subsidiary, FTD Inc. If plaintiff's allegations are accepted as true—as they must be at this stage of the proceedings—the claims arise from fraudulent statements made by defendants directly to plaintiff, and from breaches of contractual and fiduciary duties which existed between defendants and plaintiff. These claims give rise to injuries that are personal to plaintiff, even though FTD Inc. was the subject and the intended third-party beneficiary of the relevant contracts and representations.[1] As with the warrant claims, the measure of damages arising from plaintiff's injuries is a question of fact and is not a matter to be determined at this time.

Finally, defendants' motion is denied with respect to the claim for punitive damages. Plaintiff's right to seek such damages is derived from its standing to assert the underlying substantive claims.

3. Plaintiff's motion to amend the complaint in order to join FTD Inc. as an additional plaintiff in this action is GRANTED. Leave to amend at this stage in the proceedings "shall be freely given" in the absence of countervailing factors such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of the amendment. See Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). No such factors have been shown to exist here. To the contrary, insofar as defendants' alleged conduct may have caused damages to FTD Inc. that are separate from, or in addition to, those claimed by plaintiff, the addition of FTD Inc. as a party in this action would further the policy of judicial efficiency. Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, "the same standard of liberality" applies under either Rule. *Fair Housing Dev. Fund Corp. v. Burke,* 55 F.R.D. 414, 419 (E.D.N.Y.1972); *Expoconsul International, Inc. v. A/E Systems, Inc.,* 145 F.R.D. 336, 337 n. 4 (S.D.N.Y.1993). Accordingly, leave is granted to plaintiff to amend the complaint within 20 days to join FTD Inc. as a plaintiff in this action.

4. Plaintiff's motion for an order lifting the stay of discovery is DENIED as moot in light of this order. The parties are directed to proceed with discovery in accordance with the terms of the parties' stipulation dated May 20, 1996.

---

1. A shareholder, even a 100% owner such as plaintiff, normally may not sue to vindicate "derivative rights" when its only injury is the diminution of the value of its holdings. *See Vincel v. White Motor Corp.,* 521 F.2d 1113, 1118 (2d Cir.1975). However, an exception to that rule exists where, as here, there is "a special relationship between the suing shareholder and the de-fendant creating a duty, contractual or otherwise, other than that owed to the corporation." *Vincel,* 521 F.2d at 1118. In that event, "a shareholder may bring an individual suit ... whether or not the corporation may also bring an action." *Ceribelli v. Elghanayan,* 990 F.2d 62, 63 (2d Cir.1993); *Gruber v. Victor,* 1996 WL 492991 at *8 (S.D.N.Y.).